JOHN HOLLIDAY, Plaintiff in Error, *v.* WILLIAM GAMBLE,
Defendant in Error.

#### ERROR TO PERRY.

An action will lie against a party who shall " counsel, entice, and persuade" an apprentice to depart from the service of his master; whether the apprentice shall act upon the counsel given or not.

THIS cause was heard at October term, 1855, of the Perry Circuit Court. The opinion of the court furnishes a statement of the case.

UNDERWOOD and ANDERSON, for Plaintiff in Error.

P. E. HOSMER, for Defendant in Error.

SCATES, C. J. The case involves a construction of the 17th section of the Apprentice Act, Rev. Stat. 1845, p. 54. Its language is, " Every person who shall counsel, persuade, entice, aid or assist any clerk, apprentice or servant, to run away, or absent himself or herself, from the service of his or her master or mistress, or to rebel against or assault his or her master or mistress, shall forfeit and pay," etc.

The declaration alleges that defendant did " counsel, entice and persuade" the apprentice of plaintiff to depart from and out of the service of plaintiff; and that by means of such counsel, etc., the apprentice unlawfully, etc., " became rebellious, dissatisfied, disaffected, discontented and troublesome," and hath so remained hitherto.

On demurrer, objection was taken and sustained to the declaration, that it is not shown that the apprentice departed from or left plaintiff's service. According to this construction, defendant may innocently, and with impunity, counsel, persuade and entice the apprentice to leave his master's service, provided he be unsuccessful.

Again, the position is assumed here in argument, that if counsel, persuasion and enticement be used to induce the apprentice to leave his master, and in consequence of which the apprentice rebels, instead of leaving, that no liability arises under the statute.

Neither of these positions will give a sound, fair and reasonable construction to the act. Its meaning and intention is much broader and more efficient.

To counsel, persuade, entice, aid or assist an apprentice

either to run away or absent himself, or to rebel, or to assault his master, will violate the master's rights under the act, whether the counsel, persuasion, or enticement be followed or not by the servant. And the spirit of the act makes it equally violative of the master's rights, if the counsel to run away, etc., results in the servant's rebellion against or assault upon his master. The manifest intention is to forbid and punish such evil, mischievous counsel; to forbid and punish any attempt in the modes, or by the means enumerated, to intermeddle with the relationship of the parties.

This intent is made more apparent by the great strictness with which the master's rights are guarded, and remedies afforded in the other provisions of the act, both against the apprentice himself and such as may knowingly harbor him.

Power is given to, and will be maintained in the master, to enable him to discharge his duties fully in *loco parentis*, in the government, training and management of his apprentice. I see in the act that power (under control for abuse, however,) is wisely placed in the master's hands, and so placed for the good of the apprentice. I shall ever maintain it, in its just and proper exercise, against all mischievous intermeddling of others, by such unwholesome and unjustifiable advice and persuasion as here shown.

No one shall be permitted to do all he can to overturn the just authority and rights of subordination; and when questioned for it, defend himself upon the ground that his attempt proved unsuccessful; or did not succeed in the mode or to the extent he designed to accomplish the mischief intended.

The demurrer should have been overruled.

Judgment reversed and cause remanded.

*Judgment reversed.*